```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
IN RE SALVADOR E. ROSILLO,        :

               Debtor.            :
- - - - - - - - - - - - - - - - -x
SALVADOR E. ROSILLO,              :

               Appellant,         :        ORDER

     - against -                  :        07 Civ. 7872 (DC)

JOHN S. PEREIRA,                  :

               Appellee.          :
- - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/19/2008

**CHIN, District Judge**

  Appellant and debtor Salvador E. Rosillo appeals a July 23, 2007 order from the bankruptcy court denying his motion to reopen his Chapter 7 case. In his appeal, Rosillo also seeks a TRO against unidentified parties.

  The Bankruptcy Court (Martin Glenn, J.) issued a memorandum decision on July 31, 2007 setting forth the reasons for denying Rosillo's motion to reopen the bankruptcy case. Judge Glenn concluded that there was no basis to reopen because Rosillo (1) failed to satisfy the requirements for relief from judgment under Federal Rules of Bankruptcy Procedure 9024, and (2) did not establish cause to reopen his case under Bankruptcy Code § 350(b).

  The standard of review of a bankruptcy court's decision under Bankruptcy Rule 9024 and Bankruptcy Code § 350(b) is abuse of discretion. Key Mech., Inc. v. BDC 56 LLC, No. 01 Civ. 10173

(RWS), 2002 WL 467664, at *2 (S.D.N.Y. Mar. 26, 2002) ("standard of review with respect to a motion under Bankruptcy Rules 9023 and 9024 . . . is abuse of discretion"); Katz v. I.A. Alliance Corp. (In re I. Appel Corp.), 300 B.R. 564, 567 (S.D.N.Y. 2003) (bankruptcy court's decision whether to reopen debtor's case is reviewed for abuse of discretion).

Upon consideration of the bankruptcy court's thoughtful and thorough discussion of Rosillo's motion in its memorandum decision, I conclude that the bankruptcy court did not abuse its discretion in denying the motion. The July 23, 2007 order denying the motion to reopen the bankruptcy case is affirmed, without costs, and the request for a TRO is denied. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:   New York, New York
         March 19, 2008

DENNY CHIN
United States District Judge